NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 21 2026

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRENDA AGUILAR GOMEZ,

Petitioner,

v.

TODD BLANCHE, Acting Attorney
General,

Respondent.

No. 25-3172

Agency No.
A087-910-244

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 19, 2026**
Phoenix, Arizona

Before: GOULD, M. SMITH, and HURWITZ, Circuit Judges.

Brenda Aguilar-Gomez, a native and citizen of Guatemala, petitions for

review of a decision of the Board of Immigration Appeals ("BIA") dismissing an

appeal from an order of an Immigration Judge ("IJ") denying her applications for

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

asylum, withholding of removal, protection under the Convention Against Torture ("CAT"), and post-conclusion voluntary departure. "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1027–28 (9th Cir. 2019). We review factual findings underlying the denial of relief, including adverse credibility determinations, for substantial evidence. *Zhou v. Gonzales,* 437 F.3d 860, 864 (9th Cir. 2006); *Shrestha v. Holder*, 590 F.3d 1034, 1039 (9th Cir. 2010). As the parties are familiar with the facts, we do not recount them here. We deny the petition for review.

1. Substantial evidence supports the agency's denial of asylum and withholding of removal on adverse credibility grounds.[1] In assessing an applicant's credibility, a trier of fact, "[c]onsidering the totality of the circumstances . . . may base a credibility determination on . . . the inherent plausibility of the applicant's or witness's account, . . . the consistency of [] [oral

---

[1] The BIA did not consider Petitioner's remaining arguments related to asylum and withholding of removal, because the adverse credibility finding is dispositive. *See Farah v. Ashcroft,* 348 F.3d 1153, 1156 (9th Cir. 2003); *see also INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach."). Accordingly, these arguments are not before us. *See Santiago-Rodriguez v. Holder*, 657 F.3d 820, 829 (9th Cir. 2011) ("In reviewing the decision of the BIA, we consider only the grounds relied upon by that agency." (citation omitted)).

or written] statements with other evidence of record, . . . and any inaccuracies or falsehoods in such statements." 8 U.S.C. § 1158(b)(1)(B)(iii). Here, the agency based the adverse credibility finding on three "substantial falsehoods": Aguilar lied to immigration officials about her name, country of nationality, and a parent-child relationship. The agency considered Aguilar's testimony and determined that her proffered reasons for lying were not reasonable or plausible because she "admitted she had at least two different reasons to lie about her name and country of nationality and because she continued to lie about these crucial facts until months after she entered the United States."

The agency provided "a specific cogent reason for the adverse credibility finding," *Gui v. INS,* 280 F.3d 1217, 1225 (9th Cir. 2002) (internal quotation marks omitted), and the record does not compel a finding of credibility, *see Garcia v. Holder,* 749 F.3d 785, 789-91 (9th Cir. 2014) (concluding adverse credibility finding was supported where petitioner lied to various immigration officials about identity); *Don v. Gonzales,* 476 F.3d 738, 741 n.5 (9th Cir. 2007) ("Admission of prior dishonesty can support an adverse credibility determination."); *Singh v. Holder,* 638 F.3d 1264, 1271-1272 (9th Cir. 2011) ("[L]ies and fraudulent documents when they are no longer necessary for the immediate escape from persecution do support an adverse inference.").

Aguilar also failed to rehabilitate her testimony with corroborating evidence. *See Ruiz-Colmenares v. Garland*, 25 F.4th 742, 750 (9th Cir. 2022) ("The agency reasonably concluded that Petitioner's failure to provide any corroboration could not rehabilitate his incredible testimony"). Aguilar did not submit medical records or statements from family members corroborating her account of the threats to her son or the kidnap, beating, and death of her husband, and the husband's death certificate listed his cause of death as septic shock and metabolic acidosis.

2. Substantial evidence supports the agency's denial of CAT protection. To establish entitlement to CAT protection, Aguilar must "prove that it is more likely than not that [s]he . . . would be tortured if removed to the proposed country . . . [a]nd that torture must be inflicted by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1023 (9th Cir. 2023) (internal quotation marks and citation omitted). "Absent credible testimony, [Aguilar's] CAT claim rests on country conditions reports and other corroborating evidence in the record," *Mukulumbutu v. Barr,* 977 F.3d 924, 927 (9th Cir. 2020), and substantial evidence supports the agency's determination that Aguilar did not present individualized, objective evidence sufficient to establish eligibility, *see Park v. Garland,* 72 F.4th 965, 980 (9th Cir. 2023) ("Generalized evidence of violence and crime is insufficient to establish" eligibility for CAT protection.).

**PETITION DENIED.**